IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. _____ |
| RESERVE AT SHILOH JOINT VENTURE, J4 DEVELOPMENT, INC., BBI REALTY, LLC, JEFFREY AUSBROOK, ALYSSA BETH AUSBROOK, JOHN C. DARBY, AND NANCY MICHELLE DARBY, | | |
| Defendants. | | |

## FRANKENMUTH MUTUAL INSURANCE COMPANY'S ORIGINAL COMPLAINT

Plaintiff Frankenmuth Mutual Insurance Company files this Original Complaint against Defendants Reserve At Shiloh Joint Venture, J4 Development, Inc., BBI Realty, LLC, Jeffrey Ausbrook, Alyssa Beth Ausbrook, John C. Darby, and Nancy Michelle Darby (collectively, the "Indemnitors").

## I.
## PARTIES

1. Frankenmuth Mutual Insurance Company ("Frankenmuth") is a Michigan corporation with its principal place of business in Frankenmuth, Michigan, and is authorized to conduct business in Texas.

2. Reserve At Shiloh Joint Venture ("Shiloh JV") is a Texas joint venture with its principal place of business in Richardson, Texas. Shiloh JV may be served with process by serving its registered agent John C. Darby, at 1700 Jay Elle Drive, Suite 100, Richardson, Texas 75081, or wherever he may be found.

3. J4 Development, Inc. ("J4") is a Texas corporation with its principal place of business in Richardson, Texas. J4 may be served with process by serving its registered agent

Jeffrey Ausbrook, at 1700 Jay Elle Drive, Suite 100, Richardson, Texas 75081, or wherever he may be found.

4. BBI Realty, LLC ("BBI") is a Texas limited liability company with its principal place of business in Richardson, Texas. Upon information and belief, BBI's governing members, John C. Darby and Jeffrey Ausbrook, reside in and are citizens of the State of Texas. BBI may be served with process by serving its registered agent Jeffrey Ausbrook, at 1700 Jay Elle Drive, Suite 100, Richardson, Texas 75081, or wherever he may be found.

5. Jeffrey Ausbrook is an individual resident and citizen of the State of Texas, who may be served with process at 38 Balmoral, Richardson, Texas 75082, or wherever he may be found.

6. Alyssa Beth Ausbrook is an individual resident and citizen of the State of Texas, who may be served with process at 38 Balmoral, Richardson, Texas 75082, or wherever she may be found.

7. John C. Darby is an individual resident and citizen of the State of Texas, who may be served with process at 5509 Witts Court, Plano, Texas 75093, or wherever he may be found.

8. Nancy Michelle Darby is an individual resident and citizen of the State of Texas, who may be served with process at 5509 Witts Court, Plano, Texas 75093, or wherever she may be found.

## II.
## JURISDICTION

9. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

## III.
## VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as one or more of the Indemnitors are residents of the State of Texas and reside in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district.

## IV.
## FACTUAL BACKGROUND

11. On or about February 24 and 25, 2022, J4, BBI, Jeffrey Ausbrook, Alyssa Beth Ausbrook, John C. Darby, and Nancy Michelle Darby executed a General Agreement of Indemnity (the "February Indemnity Agreement") in favor of Frankenmuth. A true and correct copy of the February Indemnity Agreement is attached hereto as Exhibit 1. The February Indemnity Agreement was executed and delivered to Frankenmuth as consideration for Frankenmuth issuing certain surety bonds on behalf of J4 and/or BBI.

12. On or about March 24 and 25, 2022, Indemnitors, including Shiloh JV, executed a General Agreement of Indemnity ("March Indemnity Agreement") in favor of Frankenmuth. A true and correct copy of the March Indemnity Agreement is attached hereto as Exhibit 2. The March Indemnity Agreement was executed and delivered to Frankenmuth as consideration for Frankenmuth issuing certain surety bonds on behalf of J4, BBI, and/or Reserve JV. The February and March Indemnity Agreements are collectively referred to herein as the "Indemnity Agreements."

13. In reliance on Indemnity Agreements and at the request of Indemnitors, Frankenmuth issued certain payment and performance bonds on behalf of J4 and Shiloh JV. Frankenmuth issued payment and performance bonds (the "Bonds"), true and correct copies of which are attached as Exhibit 3, at the request of Indemnitors in connection with the following construction projects (collectively, the "Projects"):

|   |   |   |
|---|---|---|
| a. | Principal: | J4 Development, Inc. |
|    | Bond No.: | SUR0005963 |
|    | Penal Amt.: | $2,605,832.00 |
|    | Obligee: | Sagebrush LIHTC, LP, Grandbridge Real Estate Capital LLC, and HCP-ILP, LLC |
|    | Project: | Sagebrush Place II Apartments |
| b. | Principal: | Reserve at Shiloh Joint Venture |
|    | Bond No.: | SUR0005884 |
|    | Penal Amt.: | $14,791,914.00 |
|    | Obligee: | Reserve at Shiloh LLC |
|    | Project: | Reserve at Shiloh |

14. On or about June 1, 2023, Shiloh JV ceased work on the Reserve at Shiloh project (the "Reserve Project"). As a result, Shiloh JV's bonded contract was terminated and Frankenmuth received a claim from the obligee on the Reserve Project. A copy of the termination notice and default notice from the obligee are attached hereto as Exhibits 4 and 5, respectively. As a result of this claim, Frankenmuth has incurred or anticipates it will incur significant losses.

15. Pursuant to the Indemnity Agreements, the Indemnitors agreed to exonerate, indemnify and save Frankenmuth harmless from all "Loss," as follows:

**1. Loss** –All loss, costs and expense of any kind or nature, including attorneys' and other fees or costs, which Company incurs in connection with any Bond, Contract or this Agreement, including but not limited to all loss, cost and expense incurred by reason of: (a) the underwriting or issuance of any Bond, (b) making any investigation in connection with any Bond; (c) any claim, which means any notice, claim, demand, defense, counterclaim, setoff, lawsuit or proceeding or circumstance which may constitute, lead to or result in Loss, liability, or asserted liability in connection with any Bond or this Agreement, (d) any Indemnitor failing to timely and completely perform under or comply with this Agreement, (e) Company enforcing this Agreement (f) Company prosecuting or defending any action in connection with any Bond; (g) obtaining the release of any Bond; (h) Company recovering or attempting to recover Property in connection with any Bond or this Agreement (i) Company enforcing by litigation or otherwise any of the provisions of this Agreement, (j) any act of Company to protect or procure any of Company's rights, protect or preserve any of the Company's interests, or to avoid or lessen Company's liability or alleged liability, and (k) all interest

> accruing on any such amounts at the maximum legal rate. Indemnitors' liability to Company includes all Loss, all payments made, and all actions taken by Company under the Good Faith belief that Company is, would be or was liable for the Loss, the amounts paid or the actions taken or that it was necessary or expedient to incur such Loss, make such payments or take such actions, whether or not such liability, necessity or expediency existed. Good Faith means, with respect to any act, exercise of discretion or omission by Company, an absence of dishonesty, evil intent and actual malice toward Indemnitors. An itemized statement of Loss, sworn to by any officer of Company, or vouchers, affidavits, or other evidence of payment by Company, shall be prima facie evidence of Indemnitors' liability for such Loss.
>
> **3. Indemnification and Hold Harmless:** Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.

See Exhibits 1 and 2, ¶¶ 1, 3. Additionally, Indemnitors have agreed to deposit collateral security in an amount Frankenmuth determines sufficient to discharge any Loss or anticipated Loss, as follows:

> **5. Collateral Security:** Indemnitors agree to deposit with Company, upon demand, funds, other collateral security acceptable to Company, in an amount as determined by Company sufficient to discharge any Loss or anticipated Loss. Indemnitors further agree to deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor. Sums deposited with Company pursuant to this paragraph may be used by Company to pay such claim or be held by Company as collateral security against any Loss or unpaid premium on any Bond. Company shall have no duty to invest, or provide interest on the collateral. Indemnitors agree that Company would suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to comply with the provisions of this paragraph. Any remaining funds held by Company after payment of all sums due to Company under this Agreement shall be returned upon the complete release and/or discharge of Company's liability under all Bonds. In addition to the foregoing, Indemnitors shall promptly, on Company's written demand, procure the full and complete discharge of Company from all Bonds demanded by Company and all liability in connection with such Bonds. If Indemnitors are unable to obtain such discharge within the time demanded, Indemnitors shall promptly deposit with Company an amount of money that Company determines is sufficient to collateralize or pay any outstanding bonded obligations, or otherwise make provisions acceptable to Company for the funding of the bonded obligations.

*See* Exhibits 1 and 2, ¶ 5.

16. On June 8, 2023, Frankenmuth demanded that Indemnitors honor their obligations under the Indemnity Agreements, including a demand that they make payment in the amount of $14,791,914.00, pursuant to paragraph 5 of the Indemnity Agreements. This demand represents the amount Frankenmuth determined sufficient to discharge it from any Loss or anticipated Loss. Despite such demand, Indemnitors have failed and refused to indemnify Frankenmuth from any Loss and to deposit collateral security as demanded. A true and correct copy of the June 8, 2023 demand is attached as Exhibit 6.

17. Additionally, in the June 8, 2023 demand, Frankenmuth demanded free access to, at all reasonable times, to examine and copy the books and records pursuant to paragraph 12 of the Indemnity Agreements, which provides:

> **12. Books, Records and Credit:** Indemnitors shall furnish upon demand, and Company shall have the right of free access to, at reasonable times, the records of Indemnitors including, but not limited to, books, papers, records, documents, contracts, reports, financial information, accounts and electronically stored information, for the purpose of examining and copying them. Indemnitors expressly authorize Company to access their credit records, including, but not limited to, account numbers and/or account balances from financial institutions. To the extent required by law, Indemnitors, upon request, shall be informed whether or not a consumer report has been requested by Company, and if so, of the name and address of the consumer reporting agency furnishing the report.

*See* Exhibits 1 and 2, ¶ 12, and Exhibit 6. Despite such demand, Indemnitors have also failed and refused to provide Frankenmuth with access to examine and copy the books and records of Indemnitors.

18. As a result of the Indemnitors' failure and refusal, and continuing failure and refusal, to honor their obligations under the Indemnity Agreements to exonerate, indemnify and save Frankenmuth harmless, deposit funds in an amount Frankenmuth determined sufficient to discharge it from any Loss or anticipated Loss under the Bonds, and to provide access to books

and records, Frankenmuth has been compelled to bring this lawsuit against the Indemnitors seeking the following relief.

# V.
# CAUSES OF ACTION

## COUNT ONE
## BREACH OF CONTRACT

19. Frankenmuth incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

20. Pursuant to Paragraph 3 of the Indemnity Agreements, Indemnitors agreed to, among other things, exonerate, indemnify and save Frankenmuth harmless from and against Loss as defined in the Indemnity Agreements. Indemnitors also agreed pursuant to Paragraph 5 of the Indemnity Agreements to deposit collateral security in an amount which Frankenmuth deemed sufficient to discharge it from any Loss or anticipated Loss under the Bonds. Further, pursuant to Paragraph 12 of the Indemnity Agreements, Indemnitors agreed to provide Frankenmuth access to Indemnitors' books and records. Despite demand, Indemnitors have failed and refused to honor their obligations under the Indemnity Agreements. As such, Indemnitors have breached the Indemnity Agreements.

21. Accordingly, Frankenmuth is entitled to judgment against Indemnitors for their breach of contract requiring Indemnitors to indemnify Frankenmuth from Loss or anticipated Loss as a result of issuing the Bonds to Indemnitors and enforcing its rights of indemnification; for specific performance from Indemnitors depositing collateral security in the amount of $14,791,914.00 as demanded to protect Frankenmuth from any Loss or anticipated Loss; and for specific performance from Indemnitors to provide Frankenmuth access to examine and copy the books and records.

## COUNT TWO
### ATTORNEYS' FEES

22. Frankenmuth incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

23. Indemnitors have failed to honor their obligations under the Indemnity Agreements and exonerate and indemnify Frankenmuth. As a result of this failure, Frankenmuth has been compelled to engage the law firm of Clark Hill to bring this action against Indemnitors for the enforcement of the Indemnity Agreements. Pursuant to the terms of the Indemnity Agreements, Frankenmuth is entitled to recover from Indemnitors, in addition to the amount of its damages suffered as a result of Indemnitors' breach of contract and sought in this Complaint, attorneys' fees incurred not only in the prosecution of this suit but also in the investigation and response to the claims asserted against the Bonds issued by Frankenmuth for the Projects.

24. In addition to its right to attorneys' fees under the Indemnity Agreements, Frankenmuth is entitled to reasonable attorneys' fees in addition to the amount of its damages suffered as a result of Indemnitors breach of the Indemnity Agreements pursuant to § 38.001 of the Texas Civil Practices & Remedies Code.

## COUNT THREE
### COSTS AND INTEREST

25. Frankenmuth incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

26. Additionally, Frankenmuth is entitled to recover from Indemnitors, jointly and severally, all court costs plus pre-judgment and post-judgment interest at the maximum legal rate allowed by law.

## VI.
## CONDITIONS PRECEDENT

27.     All conditions precedent to Frankenmuth's entitlement to assert the above claims and causes of action have occurred or have been satisfied, waived, or excused.

WHEREFORE, Plaintiff Frankenmuth Mutual Insurance Company requests that Defendants Reserve At Shiloh Joint Venture, J4 Development, Inc., BBI Realty, LLC, Jeffrey Ausbrook, Alyssa Beth Ausbrook, John C. Darby, and Nancy Michelle Darby be cited to appear and answer and that upon final hearing or trial that the Court enter judgment against the Indemnitors, jointly and severally, and in favor of Frankenmuth for any Loss as defined in the Indemnity Agreements; enter judgment that Frankenmuth recover its costs, pre- and post-judgment interest at the maximum amount allowed by law; award specific performance requiring Indemnitors to deposit collateral security in the amount of $14,791,914.00 as demanded to discharge Frankenmuth from any Loss or anticipated Loss under the Bonds; award specific performance requiring Indemnitors to provide Frankenmuth access to examine and copy the books and records; and award Frankenmuth such other and further relief at law or in equity to which Frankenmuth is justly entitled.

Respectfully submitted,

 /s/ *Christopher R. Ward*
CHRISTOPHER R. WARD
Texas State Bar No. 24008233
cward@clarkhill.com
DANIEL GONZALEZ
Texas State Bar No. 24125613
dgonzalez@clarkhill.com
**CLARK HILL, PLC**
2600 Dallas Parkway, Ste. 600
Frisco, Texas 75034
Telephone: (214) 651-4722
Facsimile:  (214) 659-4108


ATTORNEYS FOR FRANKENMUTH MUTUAL INSURANCE COMPANY