IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FRANKENMUTH MUTUAL INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**RESERVE AT SHILOH JOINT VENTURE, J4 DEVELOPMENT, INC.; BBI REALTY, LLC; JEFFERY AUSBROOK; ALYSSA BETH AUSBROOK; JOHN C. DARBY; and NANCY MICHELLE DARBY,**<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:23-cv-01440-L** |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Plaintiff's Renewed Motion for Default Judgment ("Motion") (Doc. 23), filed October 9, 2025. After careful consideration of the Motion, pleadings, record, evidence, and applicable law, the court **grants** the Motion.

**I. Background**

Frankenmuth Mutual Insurance Company ("Plaintiff") brought this action against Reserve at Shiloh Joint Venture; J4 Development, Inc.; BBI Realty, LLC; Jeffery Ausbrook; Alyssa Beth Ausbrook; John C. Darby; and Nancy Michelle Darby (collectively "Defendants") seeking indemnification and specific performance pursuant to two General Agreements of Indemnity. The Motion is only against the corporate Defendants, as the case is administratively closed against the Individual Defendants. Doc. Nos. 17 & 19. The Plaintiff issued surety bonds on behalf of Reserve at Shiloh Joint Venture, J4 Development, Inc., and BBI Realty, LLC (collectively "Corporate Indemnitors"). Doc. No. 23 at 3. On or about June 1, 2023, Reserve at Shiloh Joint Venture ("Shiloh JV") ceased work on the project, Plaintiff received claims from the obligee, Reserve at

Shiloh, LLC, on the project and made payment on bond claims as a result of Shiloh JV and J4 Development, Inc. not paying their subcontractors and suppliers. *Doc. No. 1 at 61.*

On August 28, 2023, Plaintiff moved for a clerk's entry of default against the Corporate Indemnitors and the same day the clerk's default was entered. Doc. Nos. 14 & 16. After default was entered against Corporate Indemnitors, on October 12, 2023, Plaintiff moved for entry of a default judgment. The individual Plaintiffs, however, filed a suggestion of bankruptcy and the case was administratively closed on June 11, 2024. Doc. Nos. 17 & 19. On October 9, 2024, Plaintiffs moved to reopen the case and an order granting that motion was issued on March 14, 2025. Doc. Nos. 20-21. On October 9, 2025, Plaintiff filed the instant motion seeking damages in the amount of $9,091,631.64.

## II. Default Judgment Standard

A default judgment is considered a drastic remedy that is not favored by the Federal Rules of Civil Procedure and resorted to only in extreme situations. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default. *Id.* Because it is preferrable to determine an action on the merits, courts resolve any doubt as to whether default should be entered in favor of hearing the case on the merits. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Once a defendant is in default, the court accepts as true all the well-pleaded facts set forth in the complaint aside from those relating to damages. *See Frame v. S-H, Inc.,* 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be

proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default.") (citations omitted). A default judgment conclusively establishes a defendant's liability on the merits. *Leedo Cabinetry v. James Sales & Distrib.*, 157 F.3d 410, 414 (5th Cir. 1998) (citation omitted).

In failing to answer or otherwise respond to a plaintiff's complaint, a defendant admits the well-pleaded allegations of the complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). On the other hand, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). A default judgment may not be entered against an infant or incompetent person unless represented in the action by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b)(2). Likewise, a default judgment may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 3931.

## III. Discussion

### A. Default judgment is procedurally warranted.

The Clerk entered default against the Corporate Indemnitors. *See* Doc. No. 16. The court, therefore, must now determine whether default judgment is appropriate. Plaintiff contends that default judgment is appropriate in the circumstances set forth in *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The court agrees.

First, the Corporate Indemnitors failed to file a responsive pleading. Accordingly, there are no material issues of fact. Thus, the court may take as true the pleadings demonstrating all

material facts underlying the claim. *See* Doc. No. 1. *Lindsey*'s first prong thus favors default judgment.

Second, nothing in the record shows substantial prejudice to the Corporate Indemnitors should the court enter default judgment. *See Lindsey*, 161 F.3d at 893. Plaintiff properly served the Corporate Indemnitors, and they have had ample opportunity to respond in this matter. *See* Return of Service (Doc. 15 at 4–12).

The third and fourth elements also support default judgment because the grounds of the Corporate Indemnitor's default are clearly established, and nothing indicates this default is due to "a good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Despite being afforded multiple opportunities to do so, the Corporate Indemnitors failed to respond to the Complaint or file any other pleadings explaining their unresponsiveness. *Lindsey*'s fifth factor, therefore, also supports default judgment. *See Lindsey*, 161 F.3d at 893; *see also Joe Hand Promotions, Inc. v. Tacos Bar & Grill, LLC*, 2017 WL 373478, at *2 (N.D. Tex. 2017) ("Entering default judgment against [Defendant], who has taken no action to respond to this action, is not 'harsh.'") (*quoting Lindsey*, 161 F.3d at 893); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 2013 WL 1828671, at *3 (N.D. Tex. 2013) ("[Defendant] has had over five months to answer or otherwise respond to Plaintiff's Complaint, mitigating the harshness of a default judgment.").

Finally, nothing in the record indicates that the court would be obligated to set aside the default judgment if challenged by the Corporate Indemnitors. *See Lindsey*, 161 F.3d at 893; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default upon defendant's motion when "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense"). Accordingly, the *Lindsey* analysis reflects that default judgment is proper here.

**B. The complaint establishes a viable claim for relief.**

Having found default judgment appropriate under *Lindsey*, the undersigned looks next to whether the Complaint establishes a sufficient basis for default judgment. The Plaintiff maintains that the Complaint establishes a breach of indemnity agreement. Doc. 23 at 7. For the reasons that follow, the court agrees.

Under Texas law, a breach of indemnity agreement claim has five elements: (1) a contractual indemnity agreement must exist between the Plaintiff and Corporate Indemnitors, (2) the agreement must obligate the Corporate Indemnitors to indemnify Plaintiff in the event claims were made on the bonds issued, (3) claims must be made on the bonds issued, (4) all conditions precedent for recovery must have occurred, been performed, waived, or excused, and (5) Plaintiff must have sustained damages. *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995).

Here, the Complaint establishes that Plaintiff and the Corporate Indemnitors entered into an indemnification agreement that obligates the Corporate Indemnitors to indemnify Plaintiff for claims made on the surety bonds. Doc. No. 1 ¶ 20-21; Doc. No. 23-2. Claims were made on the bond, and all conditions precedent have occurred. Doc. No 1; Doc. No. 23-1. Finally, Plaintiff has been damaged beyond a speculative level because it had to make payments that were asserted against the bond issued by Shiloh JV's subcontractors and suppliers. Doc. No. 23-1 ¶ *6.*

**C. No hearing is required because the Plaintiff's damages can be determined with mathematical calculation.**

A hearing is not necessary to establish the Plaintiff's damages because they can be determined with mathematical calculation by reference to the pleadings and supporting documents. *See Joe Hand Promotions, Inc. v. Alima*, 2014 WL 1632158, at *3 (N.D. Tex. Apr. 22, 2014) ("Damages must be proven by a hearing or a demonstration of detailed affidavits establishing the necessary facts. If the amount of damages can be determined with mathematical calculation by

reference to the pleadings and supporting documents, a hearing is unnecessary.") (citing *James*, 6 F.3d at 370).

The amount owed to the Plaintiff was determined when Reserve at Shiloh Joint Venture ("Shiloh JV") ceased work on the project and claims were made to Plaintiff. These claims total $9,091,631.64.

## IV. Conclusion

For the reasons stated above, the court **grants** the Plaintiff's Renewed Motion for Default Judgment (Doc. 23). The Plaintiff is hereby **ordered** to submit a proposed judgment by Thursday, **September 3, 2026**. As the court intends to issue a final judgment on Friday, September 4, 2026, the court **directs** the Plaintiff to include in the proposed judgment or supporting documentation its relevant calculations and the basis therefor of prejudgment interest up to and including Thursday, **September 3, 2026.**

**It is so ordered** this 27th day of August, 2026.

Sam A. Lindsay
United States District Judge